IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR166 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| CLYDE PERKINS, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 47). The government adopted the PSR (Filing No. 48). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant submitted objections to the probation officer as reflected in the Addendum to the PSR. The Defendant's objections filed with the Court include matters that were apparently not submitted to the probation officer. The Court's sentencing schedule contemplates that any objections filed with the Court have been submitted to, and therefore responded to, by the probation officer. The Court also advises defense counsel that the Court does not receive the initial draft of the PSR and only receives the final PSR. Therefore, when counsel refers to paragraph numbers in the initial draft rather than to paragraph numbers in the final PSR, the Court is sometimes left to guess at the matters to which counsel objects because those numbers often change.

Turning to the Defendant's objections:

1. The objection stated in ¶ 1(a) of Filing No. 47 is denied because the record does not reflect that this objection was submitted to the probation officer and the objection does not affect the sentencing guideline calculation;

2. The objection stated in ¶ 1(b) is denied for the reasons stated in the Addendum to the PSR and because the objection does not affect the sentencing guideline calculation;

3. The objection stated in ¶ 1(c) is denied for the reasons stated in the Addendum to the PSR, and overstatement of criminal history is a departure issue rather than a guideline calculation issue;

4. The objection stated in ¶ 1(d) is denied because the record does not reflect that this objection was submitted to the probation officer and the objection does not affect the sentencing guideline calculation;

5. The objection stated in ¶ 1(e) is denied because the record does not reflect that this objection was submitted to the probation officer and the objection does not affect the sentencing guideline calculation.

Also, defense counsel has combined an objection with the motion for a "non-guideline" sentence included in the same document as his objections. The objection to the lack of a minor role adjustment (Filing No. 47, at 5-6) is denied because the objection was not presented to the probation officer as required by the Order on Sentencing Schedule.

Defendant's motion for a "non-guideline" sentence will be heard at sentencing.

IT IS ORDERED:

1. The Defendant's objections to the PSR (Filing No. 47) are denied;

2.	If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

3.	Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final;

4.	Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

5.	The Defendant's motion for a "non-guideline" sentence (Filing No. 47) will be heard at sentencing.

DATED this 16th day of December, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3